IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET HURST | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NCH CORPORATION | § | |
| | § | |
| Defendant | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

## PLAINTIFF' ORIGINAL COMPLAINT

Now Comes MARGARET HURST, (hereinafter referred to as "Plaintiff") and complain of Defendant NCH CORPORATION, ("hereinafter referred to as "Defendant") and for cause of action would show the Court as follows:

### I.
### INTRODUCTION

1.  Plaintiff seeks declaratory and injunctive relief, back pay, liquidated damages, attorney's fees, and taxable costs of court pursuant to 29 U.S.C. §216(b), for Defendant willful failure to pay overtime to Plaintiff in the course of their employment with the Defendant.

### II.
### JURISDICTION AND VENUE

2.  The Plaintiff claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.  Venue is proper in the Northern District of Texas because a substantial

1

portion of the events forming the basis of this suit occurred in the Northern District of Texas. Venue is also proper in the Northern District of Texas because Defendant has their principal place of business in Texas and in the Northern District of Texas.

## III.
## PARTIES

4. Plaintiff MARGARET HURST resides in Tarrant County, Texas.

5. Defendant, NCH CORPORATION is a Texas corporation doing regular business in the State of Texas. Defendant may be served with process by serving its registered agent, Russell L. Price 2727 Chemsearch Blvd., Irving, Texas, 75062 or at any other place he may be found.

## IV.
## COVERAGE OF THE FLSA

6. At all material times, Defendant has been an employer within the meaning of the FLSA.

7. At all material times, Defendant has operated an enterprise within the meaning of the FLSA.

8. At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

9. At all material times, Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce in performing her duties for the Defendant as required by the FLSA.

## V.
## FACTUAL ALLEGATIONS

10. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

11. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

12. Defendant employed Plaintiff Margaret Hurst for 14 years, ending on October 25, 2010.

13. Plaintiff worked as an administrative assistant for the International Department, located at 2727 Chemsearch Boulevard, Irving, TX 75062, and reported to the Chief Financial Officer for that department.

14. Defendant is an international marketer of maintenance products and provides industrial maintenance solutions.

15. As an administrative assistant for the Chief Financial Officer, Plaintiff answered the telephones, distributed the mail, and maintained a calendar of meeting and scheduling requests.

16. Plaintiff also ran errands for other office staff (such as replenished the supply of coffee and refreshments, picked up lunch, purchased gifts for managers to give to other employees and their families, cleaned the supply room, retrieved and copying documents).

17. Defendant failed to keep accurate records of the specific hours that Plaintiff worked.

18.     Failure to maintain records of hours worked is a violation of the record-keeping provisions of the FLSA.

## VI.
## UNPAID OVERTIME COMPENSATION

19.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

20.     Plaintiff routinely worked more than forty (40) hours per week for Defendant, but Defendant paid Plaintiff for forty (40) hours per week at a set hourly rate, but paid no compensation for any hours after the first forty (40) in each work week.

21.     Defendant failed to record the hours in which Plaintiff worked.

22.     Plaintiff was at all times an hourly employee.

23.      Plaintiff was non-exempt employee.

24.     Defendant has not made a good faith effort to comply with the FLSA. Rather, the Defendant knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages and overtime compensation.

## VII.
## CAUSE OF ACTION: FAILURE TO PAY OVERTIME

25.      Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

26.     Defendant failure to pay overtime wages, to the Plaintiff was and is in violation of the FLSA.  Accordingly, the Plaintiff is entitled to overtime in an amount equal to the amount of her unpaid overtime compensation for each hour worked over forty in each workweek.

27. Plaintiff is entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## VIII.
## JURY DEMAND

28. The Plaintiff hereby demands a jury trial.

## IX.
## PRAYER

WHEREFORE, the Plaintiff requests that this Court award her judgment against Defendant for the following relief:

a. A declaration that Defendant has violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiff overtime pay at one and one half times of her regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b. An injunction instructing Defendant to comply with the Fair Labor Standards Act in the future, by paying all employees who are similarly-situated to Plaintiff at one and one half times their regular hourly rates for all hours in excess of forty (40) worked in each seven-day work period.

c. Damages for the full amount of their unpaid overtime compensation;

d. An equal amount as liquidated damages;

e. Reasonable attorneys fees, costs, and expenses of this action;

f. Pre-judgment and post-judgment interest at the highest rates allowable by law; and

g. such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM, L.L.P.

By: _/S/Trang Q. Tran_____
Trang Q. Tran
Texas Bar Number: 00795787
Federal I.D: 20361
Andrew H. Iwata
Texas Bar Number: 24048568
Federal I.D: 625974
3050 Post Oak Blvd, Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

**ATTORNEYS FOR PLAINTIFF**